PROVOSTY, J.
For entering New Orleans the railroad of the Illinois Central Railroad Company passes through a gap left open for that purpose in the upper protection levee of the city. In 1912, at the time when the river was at a very high stage, prudence dictated that this gap should be reduced as far as possible without interfering with the passing of the trains, and the earth with which this was done was held up by fascines, or what plaintiff in his petition calls a fence. Plaintiff alleges that one of the planks of this “fence” projected horizontally to within 10 or 12 inches of the side of passing trains, *683 and that while his son, 11 years old, “was supporting himself by means of , one of the iron steps or by the iron ladder attached to the side of a freight car,” or, in other words, was stealing a ride by hanging onto the side of a freight car, he was struck by this projecting plank and killed; and he alleges that the placing or leaving of this plank in this projecting position constituted negligence on the part of said railroad company and the board of commissioners of the Orleans levee district, by whose permission or authority said gap was thus left open and was thus partially closed, rendering both of them responsible to him in damages for the death of his son; and he asks for judgment accordingly.
An exception of no cause of action was filed, and was sustained.
Plaintiff likens the case to those in which the owners of dangerous machines attractive to children have been held culpably negligent for leaving them so exposed as to tempt children to come and play with them, to the injury of the children.
Suffice it to say that this analogy is purely imaginary on the part of the plaintiff’s learned counsel. Evidently the defendant railroad company and board of commissioners owed no duty to the children of the neighborhood or to the parents of these children to leave enough space in this gap for the children stealing rides by hanging to- the outside of freight trains to pass safely through.
Judgment affirmed.